442 F.2d 893
 76 L.R.R.M. (BNA) 3020, 143 U.S.App.D.C. 171,
65 Lab.Cas. P 11,635
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, United States
Smelting, Refiningand Mining Company, et al., Intervenor.
 No. 23978.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Dec. 14, 1970.
Decided April 2, 1971.
 
 Mr. Stanley Lubin, Detroit, Mich., with whom Mr. Stephen I. Schlossberg, Detroit, Mich., was on the brief, for petitioner. Mr. John A. Fillion, Detroit, Mich., also entered an appearance for petitioner.
 Mr. Michael F. Rosenbloom, Atty., National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L.Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Mrs. Nancy M. Sherman, Atty., National Labor Relations Board, were on the brief, for respondent.
 Mr. Norman D. Beauchamp, Port Huron, Mich., with whom Mr. Robert M. Vercruysse, Detroit, Mich., was on the brief, for intervenor.
 Before LEVENTHAL and WILKEY, Circuit Judges, and SMITH,* Chief Judge, U.S. District Court for the District of Montana.
 PER CURIAM:
 
 
 1
 This controversy, presented by a petition to review a final order of the National Labor Relations Board[1] revolves around a request alleged to have been made by the Union that the Company continue in force at Union's cost during a strike, the death benefit portion of a pension plan. The examiner found that the Company had been guilty of an unfair labor practice. He recommended that the widow of a deceased Union member be paid by the Company an amount equal to the amount she would have received had the premiums on the death benefit insurance been paid. The Board rejected the findings and dismissed the proceedings.
 
 
 2
 The Board found that while the Company did at the request of the Union and at its cost continue some insurance protection for its employees the Union did not make a clear request that the Company continue at Union cost the death benefits incident to the pension plan and that the Company had a right to assume that the action it did take was in accord with the request which had been made to it. The Board also found that the Union was sufficiently aware of the pension plan and its benefits to make a clear request.
 
 
 3
 On this review we examine the whole record, including the examiner's report, to determine if the Board's findings are supported by substantial evidence.[2] We find that they are.
 
 
 4
 Absent a request from the Union or from the beneficiary, which an employer understands or should understand, to continue paying the insurance premiums during the strike, and employer has no obligation to pay them and is not guilty of an unfair labor practice for not so doing. We do not reach the problems which definite requests made by the Union or by individual beneficiaries for a continuation of coverage, at the cost of the Union or the individual, might present and nothing said here touches upon those problems.
 
 
 5
 Affirmed.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. 292(c) (1964)
 
 
 [1]
 29 U.S.C. 160(f)
 
 
 [2]
 Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950)